# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TODD UNDERWOOD, ) | |
| on behalf of himself and other past ) | |
| and present employees similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.: 07-2268-KHV-DJW |
| ) | |
| NMC MORTGAGE CORPORATION, ) | |
| PREVIOUSLY KNOWN AS MYERS ) | |
| NATIONAL MORTGAGE COMPANY, ) | |
| and RANDY KENT, ) | |
| ) | |
| Defendants. ) | |

## AGREED PROTECTIVE ORDER
## RELATING TO DEFENDANTS' FINANCIAL DOCUMENTS

On this 19th day of December, 2007, this Court considers the submission of this Protective Order Relating to Defendants' Financial Documents, to which the parties have agreed and submitted in lieu of filing a formal Motion. For good cause shown, this Court hereby orders that the financial documents that have not been previously disclosed or otherwise made available to the public which are produced by Defendants NMC Mortgage Corporation, previously known as Myers National Mortgage Company, and Randy Kent (hereinafter "Defendants") during the course of discovery and trial which are designated as confidential and/or proprietary (hereinafter "Subject Documents") shall be disclosed only in the manner designated below:

    1.    The Subject Documents shall be stamped as "CONFIDENTIAL."

    2.    The Subject Documents shall be disclosed only to Plaintiffs' counsel, and counsel shall only disclose the Subject Documents to Plaintiffs' counsel's staff and those individuals retained by Plaintiffs' counsel who are assisting in the preparation of this

action for trial, including testifying experts and consultants. The Subject Documents shall be utilized solely in the present action.

3. Unless otherwise expressly agreed to by Defendants in writing, the Subject Documents themselves shall not be disclosed to Plaintiffs prior to trial. However, Plaintiffs' counsel can generally advise Plaintiffs of the content of the Subject Documents, but cannot reveal any specific information, including but not limited to specific dollar figures and amounts, about the content of the Subject Documents to Plaintiffs prior to trial, unless otherwise expressly agreed to by Defendants in writing.

4. All persons to whom either the Subject Documents are disclosed and/or to whom any general or specific information about the content of the Subject Documents are disclosed shall agree not to disclose the Subject Documents and/or the general or specific information relating to same to any other person, except as may be required by law.

5. Plaintiffs shall be informed of the terms of and shall be deemed bound by this Protective Order.

6. Any person assisting counsel in the preparation of this action for trial, including, but not limited to, persons retained as expert witnesses or consulting experts, shall be informed of the terms of this Protective Order. Attached to this Protective Order is a form agreement which counsel shall provide to each non-party referenced in this Paragraph whom counsel intends to have review the Subject Documents. Such non-parties may, by signing the agreement, agree to be bound by the terms of this Protective Order.

7. Plaintiffs, Plaintiffs' counsel, and those persons assisting said counsel shall agree not to reproduce, photograph or copy in any way, any of the Subject Documents except to the extent necessary for preparation of this action for trial.

8. Any portion of any deposition transcript containing reference to the information that is within the scope of this Protective Order shall be treated in the same manner as the Subject Documents as described in this Protective Order.

9. If, in connection with any motion, hearing or other proceeding before the Court, any party intends to file a brief, memorandum, affidavit or other paper or any documents, exhibits or other materials that reveal information contained in the Subject Documents, such party shall first file a motion for leave to file that particular document under seal.

10. In the event that a motion for leave to file a particular document under seal is granted, the document shall be filed or submitted only in a sealed envelope bearing the following designation:

**CONFIDENTIAL**

**IN ACCORDANCE WITH A PROTECTIVE ORDER OF THE COURT THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, TO MEMBERS OF ANY JURY CONSIDERING THIS CASE, TO THE COURT OR COURT PERSONNEL.**

11. The mechanism for determining what documents are confidential or proprietary is as follows:

a) Defendants will designate any documents claimed to be proprietary or confidential by applying the "Confidential" stamp described in Paragraph 1 above;

3

b) If Plaintiffs contest the confidential or proprietary designation of any document, counsel for both parties will consult in an attempt to come to an agreement as to documents which are claimed to be of a confidential or proprietary nature; and

c) With respect to documents to which counsel cannot agree are confidential and/or proprietary, Defendants will have the burden of establishing the confidential and/or proprietary nature of those documents.

12. The execution of this Protective Order shall not be construed as an agreement by Defendants to produce any documents or provide any information and shall not constitute an admission by Defendants that any documents or information which may exist are relevant to the issues raised in this lawsuit; nor shall the execution of this Protective Order be construed as a waiver by Defendants of any privilege or immunity with respect to any document or information.

13. Following the completion of this case, including any and all appeals and remands, all copies of the Subject Documents shall either be returned to counsel for Defendants or destroyed within forty-five (45) days.

14. This Court does not automatically retain jurisdiction to enforce the provisions of this Protective Order upon final disposition of the case. However, any party may seek leave to reopen this case to enforce any provision of this Protective Order after termination of this action.

IT IS SO ORDERED.

Dated this 20th day of December 2007 in Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel of record

Approved by:

/s/ Nicholas J. Porto
David W. Hauber        KS #11798
Nicholas J. Porto      KS #21984
BATY, HOLM & NUMRICH, P.C.
4600 Madison, Suite 210
Kansas City, Missouri 64112-3012
Telephone:  (816) 531-7200
Facsimile:  (816) 531-7201
E-Mail:  dhauber@batyholm.com
         nporto@batyholm.com

ATTORNEYS FOR PLAINTIFFS


/s/ Dennis J. Cassidy
Douglas K. DeZube      KS #15891
Dennis J. Cassidy      KS #18584
DeZUBE MILLER, L.L.C.
4600 W. 109th Street, Suite 300
Overland Park, Kansas 66211
Telephone:  (913) 385-0355
Facsimile:  (913) 385-1948
E-Mail:  ddezube@dezubemiller.com
         dcassidy@dezubemiller.com

ATTORNEYS FOR DEFENDANTS

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TODD UNDERWOOD,                                    )<br>on behalf of himself and other past              )<br>and present employees similarly situated,      )<br>                                                                   )<br>         Plaintiffs,                                           )<br>                                                                   )<br>vs.                                                               )<br>                                                                   )<br>NMC MORTGAGE CORPORATION,               )<br>PREVIOUSLY KNOWN AS MYERS               )<br>NATIONAL MORTGAGE COMPANY,            )<br>and RANDY KENT,                                        )<br>                                                                   )<br>         Defendants.                                        ) | Case No.: 07-2268-KHV-DJW |

**CONSENT TO BE BOUND BY PROTECTIVE ORDER
RELATING TO DEFENDANTS' FINANCIAL DOCUMENTS**

COMES NOW, the undersigned, and hereby states that I have read the provisions of the Protective Order Relating to Defendants' Financial Documents entered by the Court in the above-styled action, understand the terms thereof, and agree to be bound thereby.

_____                              _____
DATE                                                                  PERSON'S NAME

6